■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY STEADMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered May 26, 1987, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied suppression of the defendant's inculpatory statements made to the police. The court found credible the police officers' testimony that upon executing a valid search warrant for the defendant's apartment in connection with a homicide investigation, they asked the defendant, in the presence of his mother, if he would accompany them to the precinct and answer some questions. Although the defendant was a suspect at the time, the police possessed insufficient evidence to arrest him. The hearing court credited the police officers' assertion that the defendant voluntarily accompanied them to police headquarters, having found elements of the defense witnesses' testimony patently incredible. The evidence further showed that during the several hours that the defendant spent at police headquarters, he was not in custody, and was free to leave. The evidence revealed that under the circumstances then present, a reasonable man, innocent of any crime, would not have felt deprived of his freedom in any significant way *(People v Yukl,* 25 NY2d 585; *People v Rodney P.,* 21 NY2d 1, 5-6). Furthermore, the evidence revealed that although the police made it clear to the defendant just how much they knew about his involvement in the homicide, initially, no interrogation took place. When the defendant indicated that he wanted to make a statement, he was fully advised of, and waived, his *Miranda* rights. There having been no custodial interrogation prior to the defendant being given his rights, the statements obtained were properly admissible.

Furthermore, since the defendant was found guilty of two counts of murder in the second degree with no apparent

extenuating circumstances, his sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them either to be unpreserved for appellate review or without merit. Mangano, J. P., Lawrence, Kooper and Harwood, JJ., concur.